No. 36.—THOMAS SWEARINGEN, plaintiff in error, *vs.* NANCY SWEARINGEN, defendant in error.

.[1.] In a libel for divorce, at the instance of the wife, it is the duty of the Court to institute some inquiry as to the authority for bringing the suit, where suspicion has been cast upon the *bona fides* of the proceeding.

Motion, in Baker Superior Court. Decision by Judge PERKINS, May Term, 1855.

Nancy Swearingen made application for temporary alimony, pending a libel for divorce against Thomas Swearingen. The defendant below proposed to show, by testimony, and demanded a Jury to try the issue, that the libel was filed at the instigation of the children of libellant, and not by her wish; that she had forgiven him the alleged adultery, on which the divorce was sought, and that her children kept her away from the bed and board of the defendant. This is the .substance of the evidence offered. The Court refused to hear

the issue, and granted $30 per month for alimony, and $250 Counsel fees. This decision is assigned as error.

MILLER & HALL, for plaintiff in error.

WARREN & WARREN, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Ought not the Judge to have instituted some inquiry as to the *bona fides* of this suit?

We are constrained to say, that under the suspicion cast upon it by the response of the defendant, that this should have been done.

Two things, only, are necessary to entitle the wife to temporary alimony—marriage and the pendency of a suit for divorce. In Roseberry's case, where the marriage was denied, we directed a preliminary proceeding to try that issue, before ordering the husband to provide for the maintenance of the wife, and advance money to pay her Attorneys.

This is the first case where the pendency of the suit has been questioned; and while it is apparent that the docket spread out before the eyes of the Judge testified to the existence of such a suit; still, if there was reason to suspect that the action was not brought by the consent or direction of the wife, especially where such serious and important consequences were involved, we think the Court should have instituted an examination into the matter, so as to satisfy itself, at least, that the action was authorized.

Mrs. Swearingen could, if able, have been brought to Court and given personal assurance of the authenticity of the proceeding; or if, from physical infirmity, she was unable to attend a warrant or power under her hand, duly attested by some Magistrate, would have sufficed. But here the Court did not even require Counsel to state, in their place, that they had been employed by the plaintiff to bring this action, notwith-

standing the suspicion cast upon it by the oath of the defendant. No delay would have resulted from this course; and we think it should have been pursued.