WILLIAM H. WATERS, Appellant, v. VIRGINIA B. WATERS, Respondent.

1. *Divorce—Alimony—Counsel fees—Dismissal of suit.*—Under a proper construction of the act of 1868, touching alimony (Wagn. Stat. 535, § 12), in a suit for divorce by the husband against the wife, the latter is entitled to the allowance of a reasonable sum for defending the suit; and this sum should be large enough to cover counsel fees. But they should not be entered up as specific costs; she must make her own terms and pay the amount from the general fund. The sum may be increased if necessary as the suit progresses, and the allowance may be enforced by attachment, or the court may make its payment a condition to the further prosecution of the suit. And the dismissal of the suit by plaintiff while the application for alimony is under consideration by the court, will not defeat the claim, although it may diminish its amount.

*Appeal from Buchanan Circuit Court.*

*Strong & Hedenburg*, for appellant.

I. The jurisdiction of our courts in matrimonial cases is limited by statute (Doyle v. Doyle, 26 Mo. 545), and neither our statutes nor former court practice authorize taxation of counsel fees either as costs or alimony.

II. No case can be found holding that after dismissal of suit a court can arbitrarily set aside a judgment of dismissal or nonsuit taken by plaintiff and allow counsel fees as costs. Attorneys at law in the courts of Missouri are allowed no fees which are taxed as costs. They look to contracts made with their clients for remuneration for their services. (See Frissell v. Haile, 18 Mo. 18.)

*Woodson, Vinyard & Young*, for respondent, cited 2 Bish. Marr. 4th ed., §§ 392–3, 396, 398, 400, 402, 405, 407, 415, 416, 418, 420, 424–5, and authorities cited.

BLISS, Judge, delivered the opinion of the court.

Pending a proceeding for divorce, defendant applied for an allowance of $80 as counsel fees for her defense. Before the application was passed upon, the plaintiff dismissed his petition, but the court proceeded to hear and decide the question, and allowed her counsel the sum of $40, which was taxed in the costs against the plaintiff.

By an enactment in 1868, our statute provides that the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases. (Wagn. Stat. 535, § 12.) This amendment to the divorce act was doubtless made to meet a defect developed in Martin v. Martin, 33 Mo. 614, where it was held that under the statute as it then stood, alimony could be allowed to the wife only when she is a party plaintiff. In the opinion of the court Judge Dryden treats the right of the wife to alimony *pendente*

*lite* as an acknowledged common-law right, and one that would. be transferred to our courts but for inconsistent legislation upon the subject. In this remark he seems to differ from the views of Judge Scott in Doyle v. Doyle, 26 Mo. 549.

The term *alimony* in its limited sense means an allowance made to the wife out of the husband's estate for her maintenance, either during a matrimonial suit or at its termination, when she has proved herself entitled to a separate maintenance. (Burrill.) Is the term used in this restricted sense in our statute, or does it also mean the sustenance of the wife in respect to the prosecution or defense of the suit between them? "This sustenance," says. Bishop (§ 387, note), "is in fact a sort of alimony; the one— alimony proper—being for defraying the ordinary expenses of the wife in the matter of living; the other being for the same purpose in the matter of the suit." The husband, who has the control of the money out of which, were the parties dwelling together, the wife would be entitled to draw her support, while the wife is without means which she can herself command, should not only be made to aliment the wife as to her food and the like, while the suit is going on, but aliment her also as regards the suit; otherwise she would be denied justice. If the term were used in its more restricted sense it would ordinarily be in the power of the husband to shut the mouth of the wife altogether and drive her out of court, unless supplied by charity with the means of prosecution or defense. All the property belonging to them jointly is in his possession, even though she brought it to him by marriage; she can make no binding contract; those who trust her on her husband's credit do it at their peril (Harshaw v. Merriman, 18 Mo. 106; 25 Mo. 36), and she would be defenseless indeed if the court had no power to relieve her before the termination of her suit. In this view our best courts, whether subjected to any special statute upon the subject or not, have held the husband under obligation to furnish, pending the controversy, out of his estate, in which the wife as such has an interest, not only food and clothing, but the means to protect her rights. Thus, the chancellor, in Daiger v. Daiger, 2 Md. Ch. 337, says: "It is believed that no case can be found in which the wife, living sepa-

rate from her husband, and without an income competent for her support and the maintenance of the suit, has been denied temporary alimony and an allowance to enable her to defend herself or prosecute her suit against her husband."

If we were to adopt the doctrine of Doyle v. Doyle, *supra*, and hold that there can be no allowance *pendente lite* except as provided by statute, then I would give to the term *alimony*, as contained in the statute before quoted, a signification sufficiently extensive to embrace an allowance to maintain the suit; or, if we say with the court in Martin v. Martin, that the common-law right to an allowance in such case is transferred to our courts unless modified by statute, I would hold with the English and most of the American courts, that the allowance should be made.

There is more doubt in regard to the time and manner of the allowance under consideration.

It was correct to tax the costs against the husband, but under our practice there is no warrant for taxing counsel fees in a bill of costs except in partition. Costs are regulated by statute, and in some of the States docket fees or other special fees, which go to the attorneys, are taxable as costs against the losing party. Nothing of this kind is known to our practice. In partition, when (unless there is a contest about title) there are no antagonist parties, but the rights of all are equally guarded, the statute specially provides for an allowance of counsel fees, and their apportionment *pro rata* with other costs among the parties, but any other taxation of such fees in cost bills is irregular. In adopting the common law we by no means adopt the English mode of taxing costs, and hence the exceptional sense of the word in matrimonial cases in the ecclesiastical courts is unknown to our jurisprudence. The allowance, then, under consideration should have been made to defendant in her own name of a reasonable sum to meet the expenses of the suit, leaving her to make her own terms with her own counsel, and the sum may be increased if necessary as the suit progresses, and the allowance may be enforced by attachment or execution; or, when the husband is plaintiff, the court may make its payment a condition to the further prosecution of the suit.

This, it may be said, was not an order pending the suit, for the reason that while the court had the matter under consideration the plaintiff dismissed his suit. I cannot imagine that he could defeat the application in this way, although the fact that the prosecution was to end should affect the amount to be allowed. If the friends of the wife gave her such credit as to enable her to properly appear to the suit, trusting to her ability to obtain an allowance to reimburse them after she had appeared and applied for the proper sum, the application is not only made pending the suit, but it would be a fraud upon her rights to permit the husband to defeat it by then dismissing the proceeding.

Notwithstanding the irregularity in the manner of making the allowance, the plaintiff is not injured by it. The amount is not shown to be excessive, nor is it misappropriated. To reverse the judgment in order to allow the court to change the form of the allowance, is not called for by any consideration of injustice in the judgment as it now stands, and it will be affirmed. Judge Wagner concurs. Judge Adams absent.