The State ex rel. Gercke v. Seddon.

THE STATE *ex rel.* GERCKE V. SEDDON, *Judge.*

1. **Alimony Pendente Lite:** NATURE OF PROCEEDING: DIVORCE. The power of the court to order and enforce an allowance for alimony, *pendente lite,* is not dependent upon the merits of the issue in the divorce suit, although the proceeding is an adjunct of the action of divorce.

2. ———— : ———— : PRACTICE : APPEAL. An order making an allowance for alimony, *pendente lite,* is a final one, from which an appeal will lie. But such allowance is largely within the discretion of the trial judge, and his discretion will not be interfered with in the appellate court, unless it has been manifestly abused.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*C. A. Schnake* and *M. Kinealy* and *Jas. R. Kinealy* for relator.

The order for alimony pending the appeal is for alimony from month to month, and is clearly erroneous. Under the unwritten law continuing alimony was only from year to year. 2 Bish. on Mar. & Div., sec. 427. Under the statute alimony should be from year to year. The order in this case is a final one and one from which an appeal lies. R. S., sec. 3710; *Hecht v. Hecht,* 28 Ark. 92; *Mitchell v. Mitchell,* 20 Kan. 665; *Lewis v. Lewis,* 20 Mo. App. 546; *Whitsett v. Whitsett,* 8 B. Mon. 50; *Jenkins v. Jenkins,* 91 Ill. 167; *Whitmore v. Whitmore,* 49 Mich. 417; *Krause v. Krause,* 23 Wis. 354. The court will weigh the evidence in divorce cases and the citizen is entitled to a review of the findings on the evidence before the trial court. *Miller v. Miller,* 14 Mo. App. 418.

*Muench & Cline* for respondent.

The matter of the allowance of alimony, *pendente lite*, is wholly in the jurisdiction and discretion of the circuit court. Original and appellate jurisdiction is denied to the appellate court. *State ex rel. v. Court of Appeals*, 88 Mo. 138; *Lewis v. Lewis*, 20 Mo. App. 546. The allowance of alimony pending an appeal is founded both on justice and humanity. It is not an order involving the merits of the controversy, but a simple act of common right, that the wife may not be starved into submission by having the family supplies and means of support withdrawn from her during the suit for a dissolution of the marriage. Bish. on Mar. & Div. [6 Ed.] sec. 387; *Wyatt v. Wyatt*, 6 Pac. Rep. 228, and note *ad fin*. The relator has already applied to the chief justice of this court for an appeal, in accordance with Revised Statutes, section 3714, and the application was justly denied. *Byrne v. Harbison*, 1 Mo. 225; *State ex rel. v. McAuliffe*, 48 Mo. 112; *Railroad v. Franks*, 55 Mo. 325. When a party has a remedy by appeal, or writ of error, *mandamus* will not lie. High on Extra. Leg. Rem., secs. 188, 190; *Blecker v. St. Louis Law Com'r*, 30 Mo. 111; *Williams v. Judge*, 27 Mo. 225; *State ex rel. v. Lubke*, 85 Mo. 338; *State ex rel. v. Engelmann*, 86 Mo. 561; *Sheridan v. Fleming*, *ante*, p. 321. The order complained of was not a final order, and no appeal lies. *Wyatt v. Wyatt*, *supra*.

BRACE, J.—The question in this case arises on the demurrer of defendant to the alternative writ of *mandamus* issued herein. In an action for divorce in the St. Louis city circuit court by Augusta Gercke, wife of relator, against him, she obtained a final decree of divorce and for alimony in the gross sum of six thousand

dollars, and an allowance of one hundred and seventy-five dollars, for attorney's fee, whereupon relator filed his motion for a new trial and in arrest of judgment, which being overruled, he filed his bill of exceptions, and at the same term, and within time, his affidavit and bond for an appeal; the bond was approved and the appeal granted. In the order granting the appeal was embodied the further order that relator pay to the plaintiff, as alimony pending his appeal, thirty-five dollars per month during the pendency of such appeal. This last order the relator moved to set aside; his motion was overruled; he excepted, and filed his bill of exceptions, affidavit, and bond for an appeal from said order; the court approved the bond, but refused to grant him an appeal from this last order allowing the plaintiff monthly alimony, *pendente lite* his appeal in this court. And he now seeks to compel the allowance of such appeal by *mandamus*.

The wife is entitled to alimony and suit-money so long as the litigation continues. Bishop on Mar. & Div., 384, 387. The circuit court was fully empowered to decree alimony pending the suit for divorce, and enforce such order in the manner provided by law. R. S., 1879, sec. 2179. The decree having been appealed from, the suit is still pending, and the circuit court had power to make the order allowing alimony pending the suit in the appellate court, pending the application for an appeal in the divorce suit, and before such appeal was perfected. *State ex rel. v. St. Louis Court of Appeals*, 88 Mo. 135. It was the only court having jurisdiction to make such order, and it would have had no such jurisdiction after the appeal had been perfected. *State ex rel. v. Court of Appeals, supra; Lewis v. Lewis*, 20 Mo. App. 546. The power of the court to order and enforce an allowance for alimony *pendente lite*, although an adjunct of the action of divorce, is an independent proceeding standing upon its own merits, and in no way dependent

upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits. It grows, *ex necessitate rei*, out of the relations between the parties to the controversy, and has nothing to do with the merits of that controversy. The order making such allowance in this case was a final and definite order disposing of the merits of that proceeding in the circuit court, and the relator was entitled to make his appeal. R. S. 1879, sec. 3710.

While such an order is largely within the discretion of the circuit judge, and would not be interfered with by the appellate court unless it was made clearly apparent that such discretion had been abused, yet the fact that it may be almost immediately enforced, and is liable to such abuse as may result in the financial ruin of the party against whom the order is made, it is fit that such liability to abuse should be checked by the right of appeal. *Hecht v. Hecht*, 28 Ark. 92. The right to an appeal from such an order seems to have been taken for granted in most of the cases which we have examined. *Whitsell v. Whitsell*, 8 B. Mon. 50; *Jenkins v. Jenkins*, 91 Ill. 167; *Moe v. Moe*, 39 Wis. 308, and many others. And we have found but one in which it was denied. *Call v. Call*, 65 Me. 407. In that case the court held that exceptions would not be allowed from such an order, for the reason that it was made to meet the immediate wants of the wife, and it could not have been the intention of the legislature that exceptions should be allowed, as the delay thereby might leave the wife to starve or become a public charge, a calamity, however, not to be greatly apprehended, where the allowance is made, its payment secured by a good bond, and the only question to be determined upon appeal the reasonableness of that allowance; this gives the wife credit for necessaries, equal to that which she had upon the estate of her husband before the separation. The legislature, however, has not been unmindful of the possible exi-

gencies of the wife's situation, for, unless an appeal is taken from an order allowing alimony *pendente lite* at the term at which such order is made, or unless a writ of error is sued out within sixty days after such order is made, the appeal or writ of error will avail the party nothing. R. S., sec. 2184. At all events, that a law may work inconvenience or a hardship to a party litigant in a particular case is no reason for withholding from another a legal right, and perhaps it is as well, in the main, that the road to divorce should not be altogether a pathway strewn with roses.

The writ will be made peremptory. All concur.