JAMES DAWSON, Respondent, v. EVA V. DAWSON Appellant.

St. Louis Court of Appeals, May 28, 1889.

1. **Appellate Practice :** JURISDICTION TO GRANT ALIMONY PENDENTE LITE. While this court cannot by an independent order enlarge or limit an allowance for alimony *pendente lite*, made by the circuit court, it may, in making a final decree of its own, granting a divorce to the husband, direct the payment of alimony as a condition to the entry of the decree.

2. **Divorce :** ALIMONY, PENDENTE LITE. Alimony *pendente lite*, in so far as it is granted to defray counsel fees and costs of suit, ceases at once upon the final ascertainment of the wife's guilt; but such alimony, in so far as it is allowed for the support and maintenance of the wife, unless vacated or modified, continues until the actual dissolution, by a final decree of divorce, of the bonds of matrimony.

*Appeal from the St. Louis County Circuit Court.*
Hon. ELIJAH ROBINSON, Special Judge.

REVERSED ( *nisi* ).

*Zach. J. Mitchell*, for the appellant.

*Alexander Martin*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff filed his petition for divorce in February, 1885. In June, 1885, the trial court, on a motion for alimony *pendente lite*, made the following order in the case : " It is ordered that the plaintiff pay to the defendant for her separate maintenance of self and child during the pendency of this suit the sum of fifty dollars per month on the first day of each and every month commencing on the first day of June, 1885, also the sum of one hundred dollars to and for the use of

counsel." The defendant thereupon filed her answer and cross-bill, and an application for a change of venue, the latter resulting in an agreement under the statute to try the case before a special judge. Upon a hearing of the cause, the judge dismissed both bill and cross-bill, and from the decree the plaintiff alone appealed to this court. No order was made continuing or discontinuing the alimony as part of the decree, nor was any order made touching alimony during the pendency of the appeal. The plaintiff under the advice of his counsel continued to pay the alimony after the appeal as before.

The decree in the trial court was rendered in December, 1885. In May, 1886, that decree was reversed by this court and the cause was remanded to the trial court with directions, "to enter a decree for the plaintiff dissolving the bonds of matrimony between him and the defendant, the plaintiff first paying to the defendant, or into court for her use, all arrearages, if any, in the alimony heretofore awarded to her by the trial court." 23 Mo. App. 175. This order was presented by plaintiff to the judge of the circuit court, from whom the venue had been changed, and he entered a decree in substantial compliance with such order, May 11, 1886, whereupon the defendant appealed, claiming that the judge had no jurisdiction in the premises. Upon this second appeal, the decree was again reversed on the sole ground that a special judge duly appointed to try a cause, in place of the disqualified regular judge, will continue in authority as to all matters arising in that cause until its final determination, unless superseded by another special or regular judge not under disqualification. 29 Mo. App. 525.

When the cause was here upon this second appeal, this court in its opinion said: "It appears that after the receipt below of the mandate, the plaintiff paid into court, to the use of the defendant, the sum of one hundred dollars, which had been specially allowed to her for counsel fees, and in connection with this an entry

appears to the effect *that it was by counsel admitted and agreed that no alimony had been paid therein since that for the month of March, 1886.* The record shows further an order for alimony *pendente lite* of fifty dollars per month, beginning on June 1, 1885. We have no means of ascertaining what payments had been made under this order, other than the admission and agreement above mentioned; from which it would appear that something yet remained in arrear, in addition to the one hundred dollars deposited. It is unnecessary, however, for us to do anything more than to repeat the direction contained in our former opinion, in accordance with which the trial court will proceed to inquire into the fact of existing arrearages, *if any there be,* and make such order thereupon as shall carry out the terms of our former decision."

The second decree and order of this court was presented by the plaintiff to the special judge, June 22, 1888, and he thereupon made a final decree dissolving the bonds of matrimony between plaintiff and defendant, and finding that no arrearages of alimony were due to the defendant, as the plaintiff had paid into court, to the use of the defendant, the sum of one hundred dollars as alimony for the months of April and May, 1886, and up to the date of decree in favor of the plaintiff in the St. Louis court of appeals. From this last decree the defendant appeals, claiming that the order for alimony entered in June, 1885, continued in force during the successive appeals, and that the trial court upon final decree in June, 1888, should have decreed her alimony up to that date.

The defendant, appealing, refers us to no authorities in support of this position, but claims that such is the necessary result of the fact that an allowance *pendente lite* had been made, and had never been vacated, and that such is in substance the view expressed by this court upon former appeals of this case.

The plaintiff claims that an order for alimony *pendente lite* does not continue in force after judgment in the trial court, as it naturally refers to the suit while pending in the court where the order is made. No decision directly in point is cited, although it would seem that it was the practice of the ecclesiastical courts upon a proper showing to make a new order upon application after the appeal was granted. *Loveden v. Loveden*, 1 Phill. Ec. Rep. 208; *Jones v. Jones*, 41 Law J. P. & M. 53. Intimations are found even in these cases that the practice is unsettled whether the alimony, originally granted, continued during the appeal. In states where appellate courts entertain such motions, upon a proper showing, alimony *pendente lite* has been granted to the wife upon appeal. *Friend v. Friend*, 65 Wis. 412; *Chaffee v. Chaffee*, 14 Mich. 464. In this state it must now be considered settled that appellate courts have no jurisdiction to make allowances by way of alimony to the wife during pendency of the appeal (*State ex rel. v. St. Louis Court of Appeals*, 88 Mo. 135), but that the power resides alone in the circuit courts, and that even the latter court is powerless to make any order to that effect after the appeal has been perfected. *State ex rel. Gercke v. Seddon*, 93 Mo. 520; *Lewis v. Lewis*, 20 Mo. App. 546.

It would thus seem that the order for temporary alimony made by the circuit court in this case, being unappealed from, could not upon former appeals in this case, in any way be enlarged or limited by this court by any order made upon former appeals of this case, nor could the circuit court, by anything it did, enlarge or modify its order of alimony subsequent to granting the appeal, until it had re-acquired jurisdiction of the cause. At the same time it must be conceded that this court, being vested with full and final jurisdiction, and untrammelled in making a final decree of its own, could attach any proper conditions to such decree, and its so doing was in no sense a usurpation of judicial power.

It appeared upon the former appeals that, after the allowance of the first appeal in this case, all the parties treated and considered the order for temporary alimony as subsisting and in force during the pendency of the first appeal. The plaintiff continued to pay such alimony, as is admitted under advice of his counsel, that if he discontinued it, he might, under the then unquestioned rule established in *Miller v. Miller*, 12 Mo. App. 593, be compelled to pay at least the same amount, by an independent order of the circuit court or of this court. Upon the second trial of the cause, as is shown by the record, he admitted and agreed that "no alimony had been paid to his wife since *that* for the month of March, 1886," conceding that the money thus paid by him was part of the alimony provided for by the order of June 1, 1885, since there is no pretense that the admission could relate to any other alimony. This court, both upon the first and second appeal of the case, conditioned its decree in plaintiff's favor on the prior payment by him of all arrearages of alimony, if any. This condition could refer to nothing else but to that part of the monthly alimony subsequent to the first appeal remaining unpaid, since it was admitted by the record that the alimony up to March, 1886, a date long subsequent to the first appeal, had been fully paid.

If the plaintiff was dissatisfied with the decree of this court, he should have sought to modify it, but he could not avail himself of the decree as far as it directed a decree of divorce in his favor, and repudiate it as far as it imposed any conditions upon him. If he was anxious to bring the cause to an immediate termination, he should have moved for final decree in this court on the ground of the long lapse of time, before he could obtain final relief in the trial court, owing to the fact that its terms were only semi-annual.

These observations dispose of all but one question in this case, which is the only one entitled to serious consideration, namely, did the alimony in this case cease

upon the adjudication by this court that the plaintiff was the aggrieved party, and as such entitled to a divorce.

That the alimony as far as the same related to counsel .fees and costs of litigation at once ceased upon the final ascertainment of the wife's guilt seems to admit of no.dispute under the authorities.    The rule in England has always been that, where the wife has brought her case to a hearing and fails, she is entitled to no costs.    The plaintiff cites *Wagner v. Wagner*, 34 Minn, 441, where an allowance of counsel fees was denied; *Newman v. Newman*, 69 Ill. 167, where an order for solicitor's fees was denied ; *Wilde v. Wilde*, 2 Nev. 306, where an order for past costs and expenses was denied ; *Perry v. Perry*, 2 Barb. Chan. 285, where an order for money to prosecute and for costs was denied ; and *Krause v. Krause*, 23 Wis. 354, where a motion for money to enable the defendant to prosecute her appeal was denied.    All these were cases where the wife's guilt was established by confession or decree, and the order related either to past expenses incurred, or contemplated expenses to be incurred in a litigation admittedly groundless.    *O'Haley v. O'Haley*, 31 Tex. 502, is the only case cited, where the court refused to enforce an execution, in favor of a plaintiff wife for past alimony in the nature of support money after the wife had failed to obtain a decree, on the ground that the order was made in consequence of her false representations, and therefore it was the duty of the court to nullify it.    It will be, however, noticed that, in the last case, the wife was plaintiff, a decree in her favor was denied, and the decree left the parties as husband and wife, with an unquestioned liability on part of the husband to pay for his wife's support, past and present.

The learned counsel for plaintiff maintains that there is no substantial difference between support money and suit money.    This, we think, is an erroneous view.    "The term alimony," says Judge BLISS in *Waters v. Waters*,

49 Mo. 387, "in its limited sense means an allowance made to the wife out of the husband's estate for her maintenance either during a matrimonial suit or at its termination, when she has proved herself entitled to a separate maintenance." He then proceeds to state that, in its wider sense, it includes both expenses of living and suit money, quoting from Bishop, section 368, as follows: "This sustenance is in fact a sort of alimony, the one— *alimony proper*—being for defraying the ordinary expenses of the wife in the matter of living; the other being for the same purpose in the matter of the suit." In *State ex rel. Gercke v. Seddon*, 93 Mo. 522, Judge BRACE says: "The wife is entitled to alimony *and suit money* as long as the litigation continues." In the case at bar, the order made by the trial court, June, 1885, distinctly specifies that plaintiff should pay the defendant for her separate maintenance of self and child the sum of fifty dollars per month, and then provides for a separate sum for expenses of litigation, thus clearly separating what both Judges BLISS and BRACE denominate as alimony proper and suit money.

It might well be said, as all the cases hold, that the husband can on no principle be subjected to the payment of the costs and expenses of a litigation shown to be groundless, either by the wife's bill, or by her confession or by the decree of a court, but it does not follow that he is absolved from his liability to provide for her support and that of their child before the bonds of matrimony between himself and her are dissolved by final decree.

In the present case, the husband was the only party who controlled the litigation from the time he took his first appeal until the date when the special judge, after the second reversal, entered a decree of divorce in his favor. If he went with the decree of this court to a tribunal which, under the decisions in this state had no jurisdiction in the premises, a decree entered by such tribunal could neither dissolve the bonds of matrimony

between himself and his wife, nor absolve him from paying, by way of sustenance to his wife, the amount which the trial court, with his own acquiescence, had fixed upon as proper alimony during the pendency of the suit. The alimony thus fixed clearly continued until the date of the decree by the special judge. The special judge erred in allowing the wife counsel fees for the litigation in this court, after the wife had been adjudged to be the guilty party, but equally erred in not allowing her alimony for sustenance of herself and child, at the rate fixed and agreed upon.

It results from the foregoing that the decree of the trial court must be reversed, and the cause remanded with directions to enter a decree similar in all respects to the decree which was entered, but with the addition that the plaintiff be adjudged to pay the defendant the arrears of alimony *pendente lite* from the time when he ceased paying the same to include the month of June, 1888, less whatever that court may have allowed for counsel fees, past or prospective, after the rendition of the first decree in this court, unless the plaintiff, within ten days, pays such amount into this court to the defendant's use. If the plaintiff prefers to do the latter a decree will be entered in this court upon his so doing affirming the decree of the special judge. All the judges concur.