Adams v. Adams.

MARTHA E. ADAMS, Appellant, v. FRANCIS M. ADAMS, Respondent.

St. Louis Court of Appeals, May 3, 1892.

1. **Alimony**: RIGHT OF APPEAL FROM ORDER OF REFUSAL. An appeal lies from an order overruling a motion for alimony.

2. **Right of Court to Grant Alimony After Judgment.** Alimony to defray counsel fees may be allowed after final judgment in the cause, when the motion therefor is filed prior to the trial, but as a matter of convenience is heard with the issues in the cause.

3. **Alimony to Defray Counsel Fees**: PRACTICE, APPELLATE: PRESUMPTIONS IN FAVOR OF JUDGMENT OF TRIAL COURT. The allowance of such alimony is not a matter of right under all circumstances, but facts may appear at the hearing of the application therefor which will justify the refusal of it. Accordingly, an order refusing it cannot be reviewed, when it does not appear what evidence was developed as to the merits of the application at the hearing thereof; since, in such case, it cannot be said that the trial court abused its discretion in the premises.

*Appeal from Washington Circuit Court.*—HON. J. F. GREEN, Judge.

AFFIRMED.

*Anthony & Eversole, Wm. F. Carter* and *Martin L. Clardy*, for appellant.

(1)   The court erred in refusing to consider and in dismissing the motion for alimony. Alimony *pendente lite* is allowed as a matter of course upon proof of marriage and pendency of the suit. *Smith v. Smith*, 2 Phill. 158; *Frith v. Frith*, 18 Ga. 272; 2 Bishop on Marriage & Divorce, sec. 387. Generally, whether alimony shall be allowed at all is a matter of law, and how much shall be allowed is a matter of sound discretion. *Methvin v. Methvin*, 60 Am. Dec. 664, and notes.

While permanent alimony can only be granted as an incident to divorce, temporary alimony—sustenance of the wife and reasonable attorney's fees—is awarded almost as a matter of course, in order that the wife may stand before the tribunal, which administers one law alike to husband and wife, on an equal and common ground with him. Bishop on Marriage, & Divorce, *supra*. The plaintiff was entitled to have her motion considered by the court before the trial of the case, and the fact that, upon a suggestion of the court, she consented that its consideration might be postponed, did not affect her right to a reasonable allowance to meet the expenses of litigation already incurred. *McDonald v. Waggener*, 5 Mo. App. 58; *McEntyre v. McEntyre*, 80 Mo. 470. The dismissal of the bill and cross-bill did not operate as a dismissal of the motion for alimony; but it was the duty of the court to make an allowance to the plaintiff. *Waters v. Waters*, 49 Mo. 385. (2) It has been decided in this state (*State ex rel. v. Seddon*, 93 Mo. 520) that an order making an allowance for alimony *pendente lite* is a final order from which an appeal will lie, and it logically follows that an order dismissing an application for alimony is a final one, from which an appeal may be prosecuted.

*Dinning & Byrns*, for respondent.

(1) The power of the court to allow alimony "pending the suit for divorce" is not questioned, and the right to grant it in all cases where the same would be just is also conceded. But where the wife is plaintiff, the cause heard on its merits, and she denied a divorce, the court has no power to decree to the wife "suit-money"—money to pay the expenses of a litigation which has been adjudged by the court to be without merit. R. S. 1889, sec. 4505; *Dawson v. Dawson*,

37 Mo. App. 212, *et seq.*; *State ex rel. v. Seddon*, 93 Mo. 522; *Wagner v. Wagner*, 34 Minn. 441; *Newman v. Newman*, 69 Ill. 167; *Wilde v. Wilde*, 2 Nev. 306; *Perry v. Perry*, 2 Barb. Chan. 285; *Krause v. Krause*, 23 Wis. 354; *Wood v. Wood*, 2 Paige, 454; *Chestnut v. Chestnut*, 77 Ill. 346; 2 Bishop on Marriage & Divorce [6 Ed.] sec. 416; Bishop on Marriage, Divorce & Separation, sec. 955; *Harvell v. Harvell*, 39 Ind. 185; *Dunn v. Dunn*, 13 P. D. 91.    (2)    Aside from the fact that the court had no authority to render a judgment for suit money against defendant on the day after the wife had been refused a divorce, the ruling of the court was right. No testimony introduced in support of the motion has been preserved, and the bill of exceptions filed herein does not pretend that the attorneys (five of them) for plaintiff have not been paid, nor do these gentlemen in their brief even assert that they have not been paid, nor did they, at the time the court decided the case and refused the plaintiff a divorce, complain or object or except, nor did they until the next day say one word about the motion for alimony.

THOMPSON, J.—This appeal is prosecuted by the plaintiff, who is a wife suing for divorce, from an order of the court overruling her motion for alimony *pendente lite*. We understand that it is not disputed that an appeal lies from such order. In *State ex rel. v. Seddon*, 93 Mo. 520, it was held that an order making an allowance of alimony *pendente lite* is appealable, and we assume that, where a motion is made for such alimony, the manner in which it is disposed of, whether in favor of the moving party or otherwise, cannot affect the right of appeal.

The record, which brings this question before us, does not set out the pleadings, nor the evidence adduced on the trial in chief; but it consists merely of a bill of

exceptions, reciting that, on the twenty-fifth day of May, 1891, plaintiff filed her petition praying for a divorce on the ground of indignities, etc.; that service was duly had on that day; that afterwards, on the twenty-fourth day of August, 1891, the defendant filed his answer and cross-bill, charging in the cross-bill that the plaintiff had offered him such indignities as rendered his condition intolerable, which indignities were fully set out; that afterwards, on the twenty-fifth of August, 1891, the plaintiff, by leave of court, filed her amended petition, again averring that the defendant had offered her such indignities as rendered her condition intolerable; that thereafter, on the same day, the plaintiff filed her motion for alimony *pendente lite;* that this motion stated that the defendant was seized and possessed of a large property, real and personal, in the county, of the value of $40,000; and that the plaintiff had no property of any kind,—that she was without means for her own support, and wholly without means to prosecute the suit,—and praying for an allowance of a sufficient sum to enable her to prosecute her action, and for her support. The bill of exceptions further shows that on the same day, August 25, 1891, the defendant refiled his original answer and cross-bills as an answer and cross-bill to the amended petition; that the parties announcing themselves ready for trial, the plaintiff asked the court to take up and hear at that time the plaintiff's motion for alimony *pendente lite;* that the court then remarked that the whole matter,—the case upon the merits and the motion for alimony *pendente lite,*—could be heard at the same time, to which suggestion counsel for plaintiff acceded; that the cause was thereupon submitted to the court for trial; that the court, after a full hearing of all the testimony offered on the part of both plaintiff and defendant, and after having fully considered the same, adjudged that both the plaintiff's

petition and the defendant's cross-bill be dismissed, and that the defendant pay all costs. The bill of exceptions further recites that, during the progress of the trial, it was fully shown by the testimony in the case that the plaintiff was not possessed of any property whatever, but that the defendant was seized and possessed of property of the value of $9,000. It was further shown by the testimony that the defendant had furnished the plaintiff with a home, and had fully provided for her up to the time of the trial, and that the plaintiff was represented in the case and at the trial by certain attorneys only five in number. But the bill of exceptions does not make it appear whether or not the home which the defendant had furnished the plaintiff was at the residence of the defendant or separate from his residence. After the dismissal of the petition and cross-bill by the court, as above stated, and on the following day the plaintiff called up her motion for alimony *pendente lite*, and asked the court to make the plaintiff a proper allowance. The court, after considering the same, refused to make the plaintiff any allowance, but ordered the motion to be overruled, to which order the plaintiff excepted and thereafter took an appeal to this court.

The evidence above recited excludes from consideration the subject of alimony so far as it relates to alimony proper, that is, alimony for the sustenance of the wife, because the evidence adduced on the trial, as above recited, shows that the husband supported the wife and furnished her a home down to the time of the trial, as we interpret it. This eliminates from the case the consideration of alimony proper, and leaves only for consideration the subject of the granting of that species of alimony known as *suit money*. The right to this kind of alimony does not rest on quite the same footing as alimony which consists of sustenance.

*Dawson v. Dawson*, 37 Mo. App. 213. The right of sustenance·is a right which the wife may lawfully claim of her husband under all circumstances, until it is judicially ascertained that she has forfeited it by her misconduct. This can seldom appear in an action for divorce, until the cause is heard in chief, and the final decree is entered. It is, therefore, almost a matter of course to allow the wife on a seasonable application this species of alimony, and the general rule is that the only question which is considered is the amount which ought to be awarded. In *State ex rel. v. Seddon*, 93 Mo. 520, an appeal was prosecuted from an order allowing the wife alimony in the nature of *sustenance* at the rate of $35 per month, and not from any order relating to *suit money*. In disposing of the question of the right of an appeal from such an order as was the subject of the appeal, the court, speaking through BRACE, J., said: "The power of the court to order and enforce an allowance for alimony *pendente lite* although an adjunct of the action of divorce, is an independent proceeding standing upon its own merits, and in no way dependent upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits." In *Dawson v. Dawson*, 37 Mo. App. 213, a distinction was taken between these two kinds of temporary alimony, this court holding that alimony *pendente lite*, in so far as it is granted to defray counsel fees and costs of suit, ceases at once upon the final ascertainment of the wife's guilt, but that such alimony in so far as it is allowed for the support and maintenance of the wife, unless vacated or modified, continues until the fact of dissolution by a final decree of divorce from the bonds of matrimony,—that is to say, it continues, as in that case, through successive appeals. But it is a necessary predicate to the right to this species of alimony, that it can only be granted while the suit is pending. Bishop

on Marriage & Divorce, sec. 384. On the one hand, it cannot be granted before the defendant has been served by publication or otherwise, for until then the jurisdiction of the court does not attach. See cases cited to this proposition in Mr. Freeman's note, 60 Am. Dec. 673. On the other hand, after the cause has been heard on the merits and ended, no such award can be made, for then the jurisdiction of the court is determined. *Ibid.* There are necessary and reasonable qualifications to this rule. One is, that, where the husband is the plaintiff, he cannot defeat the right of the wife to such alimony by dismissing his suit, although he may thereby diminish the amount which will be awarded her. The court reasons thus: "If the friends of the wife gave her such credit as to enable her to properly appear in the suit, trusting to her ability to obtain an allowance to reimburse them after she had appeared and applied for the proper sum, the application is not only made pending the suit, but it would be a fraud upon her rights to permit the husband to defeat it by then dismissing the proceeding." *Waters v. Waters*, 49 Mo. 385, 389. We apprehend that the principle of that case governs the case before us, so far as the *jurisdiction* to make the order is concerned. The application for the alimony *pendente lite* was made pending the suit, and before the hearing on the merits. The hearing on the merits was about to be commenced. The learned judge naturally concluded that his discreation would be better guided in making the award, if such an award were proper, after hearing the merits than before, and he, therefore, suggested that the motion be heard together with the merits, to which counsel very properly acceded. The failure of the court to make any award at the time of entering the decree upon the merits, did not, we take it, determine its jurisdiction in the matter,—especially in the view of the

Adams v. Adams.

supreme court in *State ex rel. v. Seddon*, as above quoted, that the application for such alimony is in the nature of a separate proceeding. We, therefore, hold that the court had the power, on the day following the decree, to make the award.

But we are unable to say from the disclosures in the record before us that the court erred in not making it.

Our understanding is that it was the practice of the English ecclesiastical courts, on an application for alimony *pendente lite*, in the nature of suit money, to hear affidavits, with the view of determining whether the action was prosecuted by the wife in good faith where she was the libelant, and whether upon probable cause. It may be conceded, on the careful reasoning of Judge BLISS in *Waters v. Waters*, 49 Mo. 385, that the court cannot try and determine the merits of the suit on the application of the wife for the means to prosecute the suit; since the very want of these means may prevent her from presenting the necessary evidence to show that she prosecutes it rightfully. We, therefore, apprehend that, where an application for alimony in the nature of suit money is made by a wife suing for a divorce it will be granted as a matter of course, unless certain things which preclude that right on settled law are made to appear. One of these is that the husband and wife are still living together in the same residence. It is settled law that the spouses must be living separately during the pendency of the suit for divorce, in order to warrant an award of alimony *pendente lite* in favor of the wife. On this point Dr. Bishop says: " It is legally improper for the parties to live in matrimonial cohabitation, whatever is to be the result of the suit. Even if the husband offers to support the wife in his own house, with separate beds, she should not accept the offer." 2 Bishop on Marriage & Divorce [5 Ed.] sec. 384. Numerous authorities

justify the statement of doctrine that, alimony being an allowance for a separated wife, granted upon the wrongful refusal of the husband to support her ( *Garland v. Garland*, 50 Miss. 694, 716), the parties must be living separately in order to justify an allowance of alimony *pendente lite*. Stewart on Marriage & Divorce, secs. 383, 384; *Tayman v. Tayman*, 2 Md. Ch. 393; *Anshutz v. Anshutz*, 16 N. J. Eq. 162; *Quincy v. Quincy*, 10 N. H. 272; *Burns v. Burns*, 60 Ind. 259; *Battey v. Battey*, 1 R. I. 212. In the present case the bill of exceptions does not disclose whether it appeared in evidence that the wife was living with the husband during the pendency of the suit for divorce, or separately from him.

While, as already stated, it is a rule that alimony *pendente lite* is awarded. when the application is made prior to the final hearing, almost as a matter of course ( *Methvin v. Methvin*, 15 Ga. 97; s. c., 60 Am. Dec. 664; cases cited in a note 60 Am. Dec. 674), yet it has been held that such alimony may be denied, where affidavits disclose misconduct so glaring as to make it clear that no aid should be given to the wife to prosecute her suit. *Fowler v. Fowler*, 4 Abb. Pr. (N. Y.) 411. Another court has held that, on a motion for such alimony upon bill, answer and affidavits taken on both sides, it is proper for the court to look into the merits of the case as thus far disclosed. *Begbie v. Begbie*, 7 N. J. Eq. 98. Another court holds that it must appear that the suit is instituted in good faith, and that it is not prosecuted merely for the purpose of obtaining money from the husband. *Kirrigan v. Kirrigan*, 15 N. J. Eq. 146. See, also, *Litowich v. Litowich*, 19 Kan. 451. Another court holds that, on such an application, the court should inquire as to the authority for bringing the suit, where there is a suspicion of the *bona fides* of the proceeding. *Swearingen v. Swearingen*, 18 Ga. 316. And,

finally, it has been held that, where the case is brought to a hearing before any temporary alimony is ordered, —and that is this case,—the award should not then be made, if the case appears to be one where the plaintiff had no reasonable ground of suit. *Underwood v. Underwood*, 12 Fla. 434.

It seems clear to us that the foregoing disclosures of the bill of exceptions do not show that the court erred or abused its discretion in refusing to make the award of alimony *pendente lite* prayed for in the plaintiff's motion. It is to be kept in view, as conceded by the supreme court in *State ex rel. v. Seddon*, 93 Mo. 520, 523, that " such an order is largely *within the discretion* of the circuit judge, and would not be interfered with by the appellate court unless it was made clearly apparent that such discretion had been abused." It not only does not appear from the foregoing disclosure of facts that the discretion of the court in refusing the suit money was abused, but it does not even appear that the legal conditions existed on which the law predicates the right to this species of alimony. As we have pointed out, it does not appear that the spouses were living separately during the pendency of the suit. Nor does this bill of exceptions make any disclosure concerning the merits of the case, as they were disclosed to the trial judge upon the hearing of the evidence in chief. For aught that appears, he may have been satisfied, and upon sufficient evidence, that the cause was not prosecuted in good faith, but that it was prosecuted merely for the purpose of obtaining money from the husband. The character of the counsel engaged does not permit us to indulge in the presumption that they would thus lend themselves knowingly to such a prosecution; but we must deal with a case of this kind in conformity with legal rules. Nor does the bill of exceptions at all negative the conclusion, that the evidence may have disclosed such gross misconduct on the

part of the wife as would justify a court in refusing her an allowance of money to prosecute a suit for divorce against her husband. It is just to the wife to say that we do not presume such misconduct, and that there is no evidence before us to show any misconduct whatever on her part, or to cast any imputation whatever upon her. We merely wish to make it clear that we cannot hold that the circuit judge has decided the application illegally, or abused his discretion in deciding it, in the entire absence of those disclosures concerning the merits of the controversy which the judge had before him when he determined the motion.

We must, therefore, affirm the order appealed from. It is so ordered. All the judges concur.