Rosenfeld v. Rosenfeld.

MORRIS ROSENFELD, Appellant, v. ROSA ROSENFELD, Respondent.

St. Louis Court of Appeals, November 12, 1895.

1. Divorce: ALLOWANCE OF ALIMONY DURING PENDENCY OF APPEAL BY WIFE. The circuit court may, in granting an appeal to a wife from a decree of divorce in favor of her husband, allow her alimony both for her support and expense of the litigation during the pendency of the appeal, unless it is manifest that the appeal is without merit.

2. —— : —— : CONSIDERATION OF EVIDENCE RECEIVED ON PRIOR APPLICATION FOR ALIMONY. The circuit court heard a motion for alimony shortly before the trial, and, in so doing, heard evidence of the situation of the wife and the financial condition of the husband. Held, that the court was warranted in basing its allowance of alimony during the pendency of the appeal on this evidence, when no evidence was offered of any change of circumstances.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*Montague Lyon* and *D. D. Fisher* for appellant.

*H. A. Loevy* for respondent.

BIGGS, J.—The plaintiff sued the defendant for divorce. The grounds alleged were indignities, which the defendant denied. The case was tried on its merits, resulting in a decree for the plaintiff. The defendant applied for an appeal, which was granted. In the order granting the appeal, the circuit court, on motion of defendant, adjudged that the plaintiff pay to her $100, the estimated cost of the transcript, and the sum of $30 for attorney's fees in the appellate court, and $5

per week for sustenance, the first payment to begin ten days after the filing of the transcript in the appellate court. On this appeal the plaintiff insists that the order was without legal warrant, and that it was made without hearing evidence.

Where the wife has failed in her suit for divorce, or where there has been a decree against her, the right to an allowance for suit money to enable her to prosecute an appeal is a question which presents some difficulty. There has been something said on both sides of the question by our appellate courts, but the discussions have been outside of the records, and, therefore, not authoritative. *State ex rel. Gercke v. Seddon*, 93 Mo. 520; *State ex rel. Clarkson v. Court of Appeals*, 88 Mo. 135; *Dawson v. Dawson*, 37 Mo. App. 207; *Adams v. Adams*, 49 Mo. App. 596. Both courts agree that under such circumstances alimony for sustenance (which was the question in judgment in all of the cases) may be allowed, but the supreme court clearly stated in both of its opinions that, under the statute (section 4505 of Revised Statutes), the wife would also be entitled to suit money to enable her to carry on the litigation in the appellate court. This court indicated a different opinion, and reasoned that it would be absurd for the chancellor to adjudge the wife to be the guilty party, and at the same time compel the husband to contribute to the further prosecution of the action.

Upon further consideration we have concluded that the intimations of the supreme court are justified, unless it clearly appears that the appeal of the wife is without merit. That she is entitled in a proper case to support money during the pendency of her appeal is conceded by both courts; for, otherwise, she might be starved into submission, and thus deprived of her right to have her case heard in the appellate court. To refuse her the necessary means to prosecute the appeal

might lead to the same result. Both propositions seem at first blush to be anomalous, the wife having been previously adjudged to be the guilty party; but reflection will show that under certain conditions both are well founded. The entire doctrine of alimony *pendente lite* rests on the supposed defenseless condition of the wife. The husband is regarded as the head of the family and the holder of the pursestrings. Before trial temporary alimony of both kinds is awarded as a matter of course. After an adverse decision against the wife, and an appeal by her, the same considerations would require the making of additional allowances for the purpose of enabling her to present her case to the appellate court, unless it is manifest that her appeal is without merit. This is within a reasonable construction of the statute (section 4505, *supra*); it satisfies the equity of the case and is supported by authority. *Goldsmith v. Goldsmith*, 6 Mich. 285; *Reilly v. Reilly*, 60 Cal. 624; *Loveden v. Loveden*, 1 Phillimore, 208. We, therefore, conclude that the order of the chancellor for suit money pending the appeal was authorized, as it does not appear that the appeal was without merit. The fact that the court made the allowance is some evidence that the appeal is not devoid of merit, and, as there is no showing to the contrary, we must rule the first point against the appellant. We must assume that the court was aware that under the ruling in *Adams v. Adams*, 49 Mo. App. 592, it had the right, and it was its duty, to deny suit money pending the appeal, if it was satisfied that the appeal was without merit.

The second point must likewise be ruled against the appellant. It appears from the bill of exceptions that during the pendency of the suit, and only a short time prior to the trial, the circuit court upon an application for alimony *pendente lite* had heard evidence as

to the situation of the defendant and the financial condition of the appellant. When the application here in controversy was presented, the court made the allowance upon information obtained on the hearing of the previous motion. The appellant did not ask nor offer to introduce any evidence of a change in the affairs or condition of either of the litigants. It is quite clear that this action of the court was justified, as the presumption obtained that there had been no such change.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.