A. J. LAWLOR, Appellant, v. MARY A. LAWLOR, Respondent.

St. Louis Court of Appeals, October 18, 1898.

Jurisdiction: ALIMONY: The circuit court is the only court which can make the order for alimony, and such order may be reviewed on appeal. The appellate court can not exercise both original and appellate jurisdiction over the same subject-matter in the same suit.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

MOTION FOR ALIMONY OVERRULED.

No briefs furnished.

BLAND, J.—Appellant brought suit against his wife, Mary A. Lawlor, for divorce. On the hearing the circuit court dismissed his bill, and he appealed to this court. The respondent wife moves this court to allow her a weekly allowance for support pending the appeal, and a further sum to enable her to carry on her defense to the appeal, and to pay attorneys' fees, alleging her destitution and inability to defend the appeal.

After application for an appeal was made, and before granting the same, the circuit court was possessed with jurisdiction to make reasonable allowances by way of alimony for all the purposes mentioned in the motion. Watkins v. Watkins, 66 Mo. App. 468;

Rosenfeld v. Rosenfeld, 63 Mo. App. 411. The record fails to show that any alimony whatever was allowed the wife, either pending the suit, or after application by the husband for an appeal was made, so she is here without order or judgment for support or suit money. This court possesses no original jurisdiction except to issue writs of *habeas corpus, quo warranto, mandamus, certiorari* and other original remedial writs, and to hear and determine the same. Sec. 2, article 6, of the constitution. Besides this original jurisdiction, its jurisdiction is appellate, only. Alimony is an incident to a divorce suit, and it was held in Miller v. Miller, 12 Mo. App. 592, that an application for temporary alimony may be made either to the trial or the appellate courts after appeal. In Clarkson v. Clarkson, 20 Mo. App. 94, ROMBAUER, J., writing the opinion, says: "This court has heretofore repeatedly held that in default of the circuit court to make provision by way of alimony for an appellant wife, it has power to make such provision, as incident to its appellate jurisdiction," citing Miller v. Miller, *supra*, and Dwyer v. Dwyer, 16 Mo. App. 422. In the latter case the question is not raised or discussed nor was it before the court. The supreme court has taken the opposite view and have repeatedly held, that the circuit court is the only court which can make the order for alimony. State ex rel. Clarkson v. St. Louis Court of Appeals, 88 Mo. 135; State ex rel. Gercke v. Seddon, 93 Mo. 520; State ex rel. Dawson v. St. Louis Court of Appeals, 99 Mo. 216. An order allowing alimony while an adjunct of the divorce suit, is an independent proceeding standing on its own merits, from which an appeal may be taken. State ex rel. Gercke v. Seddon, *supra;* Adams v. Adams, 49 Mo. App. 592. Hence the order of the circuit court on an application for alimony may be reviewed on appeal. This court

certainly can not exercise both original and appellate jurisdiction over the same subject-matter, in the same suit. The cases of Miller v. Miller, and Clarkson v. Clarkson, *supra*, are overruled, and the motion of respondent for alimony is also overruled.

All concur.