DAVID O. WOODWARD, Appellant, v. FRANCES E. WOODWARD, Respondent.

**Kansas City Court of Appeals, April 30, 1900.**

1. **Judgment:** SETTING ASIDE: IRREGULARITY: TERM. The want of adherence to some prescribed rule will warrant the setting aside of a judgment; and the court during the term which, in legal contemplation, is but a single day, may set aside its judgments.

2. **Trial Practice:** NONSUIT. A plaintiff at any time before final submission may dismiss or take a nonsuit.

3. **Divorce:** DISMISSAL: SETTING ASIDE JUDGMENT: ALIMONY. Where in a divorce case plaintiff dismisses his suit before alimony is allowed the court has jurisdiction at the same term to set aside the order of dismissal and allow alimony.

Appeal from the Harrison Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*Sallee & Crossan* for appellant.

(1) The court erred in overruling plaintiff's motion to reinstate said cause on the docket and to set aside the judgment against plaintiff therein, because of the irregularities appearing upon the face of the records. Hirsh v. Weisberger, 44 Mo. App. 506; Burgess v. Hitt, 21 Mo. App. 315; Craig v. Smith, 65 Mo. 536; Childs v. Railway, 117 Mo. 424. (2) The record proper consists of the petition, summons and all subsequent proceedings, including the verdict and judgment. These the appellate court will examine and if error is apparent on the face of these proceedings, the judgment will be reversed, whether exceptions were taken or not. Nicol & Co. v. Hyre & Co., 58 Mo. App. 134; Bateson v. Clark, 37 Mo. 31. (3) The judgment is erroneous, the plaintiff having

dismissed his cause of action before any answer or motion was filed and after the demurrer to his petition had been sustained, there was nothing before the court as shown by the record and the judgment was erroneous. The plaintiff shall be allowed to dismiss his suit or to take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterwards. R. S. 1889, sec. 2084; Fink v. Bruihl, 47 Mo. 175; Wood v. Nortman, 85 Mo. 298; Wilson v. Stark, 42 Mo. App. 376; Mayer v. Old, 51 Mo. App. 214, 217 loc. cit.

· *J. C. Wilson* for respondent.

(1) The judgment was regularly reached in accordance with established rules of procedure, and can not be reversed by such a motion interposed at a subsequent term. State ex rel. Ozark Co. v. Tate, 109 Mo. 271. (2) The court had full power and authority to set aside the judgment and allow defendant the $150 alimony during the January term, 1899, of the court. Clowser v. Noland, 72 Mo. App. 219; Waters v. Waters, 49 Mo. 385; Adams v. Adams, 49 Mo. App. 597, and 598.

SMITH, P. J.—The plaintiff brought his suit for divorce in the circuit court of Harrison county against the defendant, who was a resident of the state of Virginia, where a substitute service of the process of summons was had on her. The defendant appeared to the suit and by demurrer, which was sustained, questioned the jurisdiction of the court. The plaintiff took leave of the court to amend his petition but instead of doing so he voluntarily dismissed his suit. Afterwards, during the same term, the court, on the motion of the defendant, set aside the order of dismissal and made an order allowing the defendant the sum of one hundred and fifty dollars for alimony. Later on, during the term, the cause was again called by the court for further disposition and the

plaintiff failing to appear therein it was again dismissed.   At the succeeding term, the plaintiff filed a motion to vacate the order dismissing the cause and allowing alimony and to reinstate the cause on the ground of irregularities—unspecified—appearing on the face of the record; which said motion was by the court overruled.   The plaintiff brings the cause here by appeal.

The question raised by the appeal is, whether after the plaintiff had dismissed his suit the court had, during the same term, jurisdiction to set aside the order of dismissal and to reinstate the suit?   An irregularity for which a judgment may be set aside has been defined to be the want of adherence to some prescribed rule or mode of procedure, either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time, or improper manner.   Clowser v. Noland, 72 Mo. App. 219, and cases there cited.   And it is the well-recognized general rule of law in this and other jurisdictions that all judgments, decrees and other orders, however conclusive, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may be set aside, vacated or annulled by that court.   Clowser v. Noland, ante; Harbor v. Railway, 32 Mo. 423; Ashby v. Glascow, 7 Mo. 320; Bronson v. Schulten, 104 U. S. 410. During the term which, in legal contemplation, is but a single day, everything is in *fieri*.   State v. Jeffors, 64 Mo. 376.

There can be no question that a plaintiff, under our statute, has the right to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury or to the court sitting as a jury or to the court.   Wilson v. Stark, 42 Mo. App. 379; Fink v. Bruihl, 47 Mo. 175; Anderson's Law Dictionary, 1023; R. S. 1889, sec. 2080.   It thus appears that neither the right of the plaintiff to dismiss his suit under the conditions already indicated, nor the jurisdiction of the court, during the term at which the order of dismissal was

made, to set aside such order and reinstate the case, are open to question in this state. Brown v. Foote, 55 Mo. 178. The law knows no fractions of a day and when the record of a court shows that a party to a cause appeared therein on a specified day, he must take notice of whatever steps are subsequently taken on that day in the court in relation to the cause.

The record does not disclose the nature of the alimony which was allowed by the court, whether for sustenance or suit money, or for both. From the facts and circumstances disclosed by the record, we may, we think, fairly infer that the alimony so allowed was for the latter kind. When the case was reinstated it was competent for the court to determine the amount of suit money to which the defendant was entitled. The plaintiff ought not to have been permitted to escape the payment of alimony of this kind by dismissing his suit. She was entitled to counsel and to have a reasonable allowance out of which to pay them for their services. If sufficiently appearing to the court that the dismissal of the suit by the plaintiff would result in leaving her without means to pay her counsel for their services in making her defense, and, perhaps, to reimburse friends, too, who had supplied her with needed funds to aid her in making her defense, it was its duty to protect her against such unjust consequences; and to that end, it was proper to set aside the order of dismissal and reinstate the suit so that it would have jurisdiction to make her a reasonable allowance of such alimony. The allowance was made before the final dismissal of the suit—while it was still pending—and therefore we think the same was within the jurisdiction of the court. Waters v. Waters, 49 Mo. 385; Adams v. Adams, 49 Mo. App. 592. No such irregularity is perceived on the face of the record as precluded the jurisdiction of the court either to set aside the order of dismissal

and to reinstate the cause, or to adjudge alimony in favor of defendant.

It results that the judgment must be affirmed. *Ellison, J.,* concurs; *Gill, J.,* not sitting.