Irene Agnes DUPREE, Plaintiff-Appellant,

v.

A. J. DUPREE, Defendant-Respondent.

No. 31067.

St. Louis Court of Appeals.
Missouri.

July 17, 1962.

See also 357 S.W.2d 241.

Frank Mashak, St. Louis, for plaintiff-appellant.

William L. Weiss, William L. Mason, Jr., St. Louis, for defendant-respondent.

DOERNER, Commissioner.

This is an ancillary proceeding to the case of Dupree v. Dupree, No. 30,959, decided by this court on May 15, 1962, to which reference is made for a statement of the basic issues in dispute. For the purpose of prosecuting her appeal in that case plaintiff by an appropriate motion sought the allowance of suit money of $152 and an attorney's fee of $350. After a hearing the court sustained plaintiff's motion and ordered defendant to pay plaintiff $150 for suit money and $200 for an attorney's fee. Being dissatisfied with the latter amount, plaintiff appealed.

The sole contention made by plaintiff on appeal is that the amount allowed by the trial court for an attorney's fee was so inadequate as to amount, in her words, to "* * * a Palpable Abuse of Judicial Discretion."

Plaintiff testified that she was employed at a net salary of $62 a week, and that the defendant paid her $17 a week for the maintenance of their 12 year old daughter. She also testified that their living expenses amounted to $320 a month, which figure included the cost of operating plaintiff's automobile used in going to and from work, as well as installment payments of $48 a month on certain debts. Plaintiff called as a witness on her behalf Robert J. Gillon, Chief Timekeeper at the plant where defendant was employed, who stated that the defendant's rate of compensation was $2.83½ an hour, and that defendant's normal wages were $84.60 net per week. It further appeared from the testimony of this witness that the defendant's net earnings from December 26, 1960 to July 9, 1961, (five days before the hearing) were only $1734, but that defendant had lost several weeks work during that period, for which he received an unstated amount of insurance benefits. Plaintiff also called defendant as her witness. He testified that he had remarried, and that his present wife was employed at a salary of $85 a week net. Whether she contributed anything towards their household expenses, and if so, what amount, was not developed in the evidence. On examination by his own counsel defendant related that the payments on his home were $78.37 per month, that on his

automobile $65, that the taxes on his house were $180 a year, and that his insurance cost $245 a year.

Mr. Frank Mashak, counsel for plaintiff, testified that the cost of the transcript in the companion case, as determined by the reporter, would be $40, and estimated that the brief would run at least 30 pages, at a cost per page of $3.50 plus $7 for the cover, or a total of $112. An examination of our file in the companion case reveals that in fact the brief contained only 18 pages, which at the rates mentioned should have cost $70. Mr. Mashak also estimated that his preparation of the brief would require not less than 35 hours, and stated that in his opinion a charge of $10 an hour, or $350, would be a fair and reasonable fee under all the circumstances. Senator Milton Napier, a practising attorney, called as an expert witness, likewise expressed the opinion that a charge of $10 an hour would be fair and reasonable.

There is no dispute between the parties as to the law which governs matters of this kind. As was held in one of the cases cited by plaintiff, Shepard v. Shepard, Mo.App., 194 S.W.2d 329, it is not an abuse of judicial discretion for the court to refuse to make any allowance to the former wife when their financial circumstances are relatively equal. It has likewise long been the rule in this state that the amount of an allowance, where one is made, rests within the discretion of the trial court, Gross v. Gross, Mo.App., 319 S.W.2d 880; Wonneman v. Wonneman, Mo.App., 305 S.W.2d 71; and that an appellate court will not interfere with the exercise by the trial court of its discretion unless it has been manifestly abused. State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S.W. 342; Gross v. Gross, supra; Wonneman v. Wonneman, supra. In the light of the foregoing evidence, we see no reason for interfering with the discretion exercised by the trial court in this case.

Accordingly, the Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is affirmed.

ANDERSON, P. J., and WOLFE, J., concur.

RUDDY, J., not participating.