JOSEPHINE M. McBRIDE, Appellant and Respondent, *v.* ROBERT P. McBRIDE, Respondent and Appellant.

*Alimony in an action for divorce, pending an appeal — a judgment appealed from is not a final judgment — Code of Civil Procedure, sec.* 1769.

After final judgment in an action for divorce no allowance can be made for alimony and counsel fees; but a judgment, which is appealed from by a husband, the defendant, who gives security to perfect his appeal, obtains a stay of proceedings, and refuses to pay anything under said judgment for the support of the plaintiff or her child, is not a final judgment within the meaning of this rule.

A judgment becomes final only when there is no longer any right to interfere with the same, or to review the same as matter of right.

Under the provisions of section 1769 of the Code of Civil Procedure the court is authorized, during the pendency of such an appeal, to make orders directing the husband to pay such sums as may be necessary to enable the wife to prosecute or defend the action, and to live pending the appeal.

*Beadleston* v. *Beadleston* (103 N. Y., 402) followed.

An action is pending as long as an appeal taken therein is undetermined.

APPEAL by the plaintiff from so much of an order made at a Special Term held in the county of New York, and entered in the office of the clerk of the county of New York on December 7, 1889, as denied a motion for an allowance and counsel fees, upon the ground of a want of power to grant the same; and by the defendant from so much thereof as granted leave to plaintiff to apply to the justice who granted the final judgment in this action for such relief as might be just or proper.

The order was made upon a motion for an allowance of alimony and counsel fees pending the defendant's appeal from a judgment entered in this action on August 9, 1888, against the defendant for a separation from bed and board, with an allowance of $5,000 per year for the plaintiff's support and $1,000 a year for that of the child of the parties to this action.

*W. Bourke Cockran* and *Samuel G. Adams*, for the plaintiff.

*Preston Stevenson*, for the defendant.

VAN BRUNT, P. J.:

On the 9th day of August, 1889, the plaintiff recovered a judgment, after a trial, upon which the defendant appeared and defended, against the defendant for a separation from bed and board, with an allowance of $5,000 a year for her support and $1,000 a year for that of the child of the parties. The defendant appealed therefrom, and it is stated by the plaintiff's attorney that the defendant gave the security required by law to perfect his appeal and obtain a stay, although such fact does not appear by the papers printed upon this appeal. An undertaking appears but no order appears fixing the security.

The defendant has refused, since the judgment, to pay anything for the support of the plaintiff or her child. Prior to the rendition of the judgment he had been paying alimony. The plaintiff thereupon made an application at the Special Term, upon an affidavit showing these facts and also the fact that an allowance for counsel fees was necessary to enable her to defend the appeal and to compensate her counsel for the services to be rendered therein, for an allowance for the support of herself and her child pending the appeal, and also for an allowance with which to pay counsel.

This application was denied by the learned justice at Special

Term, he holding that under the rule laid down in *Erkenbrach* v. *Erkenbrach* (96 N. Y., 456), the court had no power to make such an order, and gave leave to apply to the judge who had made the final judgment. From that part of the order denying the motion the plaintiff appeals, and from that part of the order granting leave to apply to the judge who gave the final judgment the defendant appeals.

The learned counsel for the plaintiff urges that, if the court can find no authority in the law to grant his motion, because of the manifest hardship of his case, it should assume the place of the law-makers and supply the omission of the legislature.

If the decision of the appeal of the plaintiff in her favor depends upon the assumption of any such power it should certainly fail, notwithstanding the fact that in the past courts have, and, probably, in the future, will, in direct hostility to the whole spirit of our government, arrogate to themselves the right to legislate where the hardships of the case seem to demand it.

The decision in the court below was based upon the case of *Erkenbrach* v. *Erkenbrach* (96 N. Y., 456) and *Kamp* v. *Kamp* (59 id., 212). In those cases it was held that after final judgment no allowance can be made for alimony and counsel fees, and this is concededly the rule. But in the case at bar there never has been a judgment which has become final in the manner in which the judgments in the cases cited had become final. It is true a judgment has been entered, but it has never become final, as an appeal is pending from it, and it may be reversed or modified. A judgment becomes final only when there is no longer any right to interfere with the same or review the same as matter of right. Costs are often made to depend upon the final event of the action. This clearly means the final determination of the action by which the rights of the parties are irrevocably fixed. As long as there is any uncertainty as to the final result, because of a pending appeal, the judgment ordered at the trial is not the final result of the action. If a judgment is a final judgment, it is the final result of the action and it ends the action. An action is not ended as long as an appeal, of which the appellate court has jurisdiction, is pending. The very use of the words "final judgment" shows that it is the judgment which ends all the proceedings.

The provisions of the Code, therefore (§ 1769), which authorizes

the court, during the pendency of the action, to make orders directing the husbands to pay such sums as may be necessary to enable the wife to prosecute or defend the action, etc., confers ample power upon the court to act until the final determination of the action. It is as necessary for the wife to live pending an appeal and to be able to defend an appeal as it is to be able to try her action and to live until the trial; and when the legislature gave the court power to act during the pendency of the action, it was undoubtedly intended that this power should exist until the final determination of the action.

This right in the court is expressly recognized in the case of *Beadleston* v. *Beadleston* (103 N. Y., 402). In that case an allowance for past services was granted, and this order the court reversed, the court saying: "The purpose of the statute is to furnish the wife means to carry on her action or defend the same during the pendency thereof. The allowance looks to the future. There can be no necessity for an allowance to make a defense which has already been made or solely to pay expenses already incurred." In the case cited it did not appear, nor was it claimed that any further sum was necessary to carry on her defense. Her sole claim was that she needed the money to pay expenses theretofore incurred, and the sole ground upon which the order was reversed was, as already stated, that the court had no power to make allowances for past expenses. It is plainly intimated, we might almost say stated, that if this allowance had been made for future expenses under the circumstances of that case, the court would have had jurisdiction to make the order. Whatever, if anything, may have been said in *Winton* v. *Winton* (31 Hun, 290) and *Fagan* v. *Fagan* (39 id., 531), cannot override the plain intentions of the Court of Appeals in the case of *Beadleston* v. *Beadleston*. As long as the judgment is not a final judgment, the rules laid down in *Erkenbrach* v. *Erkenbrach* and *Kamp* v. *Kamp* have no application.

It seems to us that, pending an appeal, the action is pending and express authority is given to act. The contrary view would lead to the result that, if the husband appeals and is able to give security to procure a stay upon a judgment in favor of the wife, the wife would be worse off than she was before she had successfully established her cause of action.

By section 1327 of the Code the defendant, upon giving security as required by that section, is entitled to a stay upon the judgment.

against him as a matter of right, and the court cannot enforce the judgment; and if the power to give alimony, etc., pending the action, as prescribed by section 1769, ends when a judgment is entered, although an appeal be pending, then, by giving security, the wife may, until the Court of Appeals have finally passed upon the case, be deprived of all the fruits of success. Such was not the intention of the legislature and such is not its language.

An action is pending as long as an appeal is undetermined; and the right given by section 1769 to make these allowances during the pendency of the action clearly contemplated the fact that, as long as the litigation continued so that the wife could not reap the results of a judgment in her favor, the court should have the right to protect her interests. The appeal of the defendant is without merit; no right of the defendant is in any way interfered with.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion remitted to the Special Term for further action.

DANIELS, J.:

I concur on the authority of the decision made by the Court of Appeals in *Beadleston* v. *Beadleston*, conceding, in its effect, that during the pendency of an appeal from the judgment this court may, on motion of the wife, provide her with necessary alimony and expenses to furnish her with support and defray the expenses of resisting the appeal.

BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion remitted to the Special Term for further action.