ELLA WATKINS, Respondent, v. SILAS WATKINS, Appellant.

Kansas City Court of Appeals, May 4, 1896.

Divorce: APPEAL: ALIMONY: JURISDICTION. The circuit court after dismissing plaintiff's petition in a divorce proceeding has no jurisdiction, pending a motion for new trial and before application for an appeal is made, to allow the plaintiff alimony to prosecute an appeal.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Cole & Burnett* and *H. C. Timmonds* for appellant.

(1) In this case it should not be overlooked that plaintiff's application for suit money was not made until after final judgment had been rendered dismissing her bill. Neither should it be overlooked that, at the

time the court sustained her application and awarded her this alimony, she had neither applied for nor been granted an appeal. Nor should it be overlooked that the award was made expressly "to pay expenses of appeal herein." (2) Where the wife is plaintiff in a suit for divorce, and after the cause has been tried on its merits, and the court has found and adjudged her not entitled to a decree of divorce, and made a decree finally dismissing her bill, it is then too late for her to make application for suit money; and the court does not then have any right, authority or jurisdiction to hear such application nor to adjudge her alimony for the purpose of defraying expenses of an appeal. *Dawson v. Dawson*, 37 Mo. App. 213; *Adams v. Adams*, 49 Mo. App. 592; *Krause v. Krause*, 23 Wis. 354; *Wagner v. Wagner*, 34 Minn. 441; *Newman v. Newman*, 69 Ill. 167; *Wilde v. Wilde*, 2 Nev. 306; *Perry v. Perry*, 2 Barb. Chan. 285; *Chestnut v. Chestnut*, 77 Ill. 346; *Harvell v. Harvell*, 39 Ind. 185.

*Chas. B. Davis* and *James M. Dye* for respondent.

(1) The wife is entitled to alimony as long as the litigation may continue. Bishop on Mar. and Div., secs. 384, 387; *State ex rel. v. Seddon*, 93 Mo. 522. The decree of the trial court having been appealed from, the suit is still pending, and the circuit court had power to make the order allowing alimony pending suit in the appellate court, pending the application for an appeal in the divorce suit, and before the appeal is perfected. *State ex rel. v. Seddon, supra; State ex rel. v. Court of Appeals*, 88 Mo. 135. It was only the court that had the power or jurisdiction to make the order, and it would have had no such jurisdiction after the appeal was perfected. *Lewis v. Lewis*, 20 Mo. App. 546; *State ex rel. v. Seddon, supra*. (2) The court

should not overlook the distinction between alimony "pending an appeal" and "suit money," so-called, by appellant; nor the further fact that counsel insist upon presenting to the court the question solely upon the theory that the judgment of the court, awarding the $2,000 to respondent, was for suit money, instead of for alimony *pendente lite*, or alimony pending an appeal. (3) The trial court certainly did not lose jurisdiction of the case by dismissing the bill and cross bill. The only point appellant seems to rely upon is that the application for alimony was made at just the wrong time—too soon before the court had rendered judgment, and too late afterward. The authorities above cited show that the court may award alimony pending appeal at any time during the pendency of the suit, or so long as the litigation may continue.

SMITH, P. J.—The plaintiff brought her action of divorce against the defendant, in which there was a trial and decree dismissing the former's petition. The plaintiff filed a motion for a new trial, and also a further motion to require defendant to pay a reasonable sum monthly for her support and maintenance, pending her appeal, and for such other sum as should be deemed necessary to enable her to perfect and prosecute her appeal, to pay attorney's fees, and to defray the other necessary expenses thereof. The latter motion was by the court sustained and judgment given the plaintiff for $200 to pay the expenses of her appeal. So far as the record discloses, the motion for a new trial has not been disposed of. Nor does it appear that the plaintiff, at the time of the rendition of the judgment, had applied for, or been granted, an appeal. The appeal here is by the defendant, who contends that the trial court exceeded the bounds of its jurisdiction in the rendition of the judgment against him.

The statute provides that when a divorce shall be adjudged, the court may make an order touching the alimony and maintenance of the wife, etc. It further provides that the court may decree alimony, pending a suit for divorce, in all cases where the same would be just. R. S., sec. 4505. The wife is entitled to alimony and suit money as long as the litigation continues. Bish. on Mar. & Div., secs. 384, 387.

But in the present case, there was a final decree from which there was no appeal taken, and therefore it can not be said that the suit was still pending. *State ex rel. v. St. Louis Ct. of App.*, 88 Mo. 135; *State ex rel. v. Seddon*, 93 Mo. 520. If the plaintiff had made an application for an appeal, the court would, pending that application, have had jurisdiction to order the payment of alimony for the expenses of the appeal. This order it had jurisdiction to make at any time between the filing of the application for the appeal and the perfecting of the latter. *State ex rel. v. Sedden*, *supra*. While it was doubtless irregular for plaintiff to file, as she did, her motion for alimony before the appeal was applied for, still no harm could have resulted from that, had the court deferred action on such motion until after the plaintiff had applied for an appeal.

After the decree dismissing the petition, the court had no jurisdiction to order the further payment of alimony, *pendente lite*, unless the plaintiff had made an application for an appeal. The appeal, upon complying with the statutory requirements, would be granted as a matter of course. It is the making of the application in due form and time which invests the court with jurisdiction to order the payment of the expenses of the appeal and without which it has no such jurisdiction. When the order was made, no appeal had been applied for, or granted and not perfected, so that there

was manifestly no jurisdiction to make the order in question.

If the motion for a new trial is still pending and shall be hereafter overruled, and an appeal shall be applied for, no reason is seen why the court may not then make an order on defendant for the payment of the reasonable expenses of the appeal. This order might be made in connection with that granting the appeal.

The judgment will therefore be reversed and cause remanded. All concur.