ARNOLD et al. v. R. ROTHSCHILD'S SONS CO.

(Supreme Court, Appellate Division, Second Department.    December 31, 1897.)

APPEAL—MODIFICATION OF JUDGMENT.
    Where, on appeal from a judgment in favor of the defendant, entered on the verdict of a jury, it is manifest upon the record that the complaint ought to have been dismissed at the end of the case for the plaintiff on the ground that the evidence on his behalf did not entitle him to any recovery whatever, the appellate division possesses the power, under Code Civ. Proc. § 1317, to modify the judgment by striking therefrom the declaration that the complaint is dismissed on the merits, and inserting a statement that it is dismissed, with the same effect in all respects as though the defendant's motion to dismiss the same had been granted at the close of the plaintiff's evidence, and to affirm the judgment as thus modified.

On rehearing. Modified.

For former opinion, see 44 N. Y. Supp. 676.

Reargued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

WILLARD BARTLETT, J.    A reargument of this appeal was ordered, on the ground that the appellate division had overlooked certain evidence in the case which tended to prove that the transaction in controversy amounted to a complete lease.    The facts of the case are sufficiently stated in the opinion delivered after the first argument.    15 App. Div. 606, 44 N. Y. Supp. 676.    It was then held that, inasmuch as the plaintiffs had failed to make out a cause of action and the complaint ought to have been dismissed before verdict, the court would not interfere with the judgment appealed from,

which was based on a verdict in favor of the defendant. Since the motion for a reargument was granted, the case, on appeal, has been resettled and materially amended in the court below. The effect of the amendments is, I think, to show that this court was right in the views originally expressed as to the failure of the plaintiffs to make out their cause of action. It seems to me, therefore, that we must adhere to our conclusion that the complaint ought to have been dismissed at the end of the plaintiffs' case. It is suggested, however, in behalf of the appellants, that the simple affirmance of a judgment which rests upon a verdict for the defendant, where that affirmance is based upon the proposition that the case never ought to have been sent to the jury at all, places the plaintiffs in a very unfortunate position; for, if the complaint had actually been dismissed, the plaintiffs would not be concluded on the merits, but might have brought another action, and supplied the evidence which they lacked upon the trial of the present action, whereas now, with a judgment against them founded upon a verdict, they are barred from maintaining any other suit on the same claim. In support of this suggestion we are referred to the case of Carples v. Railroad Co., 16 App. Div. 158, 44 N. Y. Supp. 670, in which Van Brunt, P. J., used the following language:

"The answer which the respondent makes to the plaintiff's appeal is that upon the evidence the complaint should have been dismissed, and the plaintiff was not entitled to any recovery whatever. It seems to us that that question cannot be considered here, as the defendant's exceptions to the rulings of the court are not properly before us, and for the purposes of this appeal it must be assumed that there was a right of recovery in some amount. The questions which are presented upon this appeal might have been raised by a bill of exceptions which contained none of the evidence, and consequently it would be impossible to determine the question which is sought to be brought to our attention by the counsel for the respondent."

The proposition thus laid down, however, is not precisely applicable to the case at bar, for here the record contains all the evidence taken upon the trial, and hence it is very easy to pass upon the sufficiency of the plaintiffs' proof. It seems to me quite clear that where, upon such a record as this, it is manifest that the complaint ought to have been dismissed at the end of the case for the plaintiffs on the ground that the evidence in their behalf did not entitle them to any recovery whatever, this court possesses the power so to modify the judgment as to bring about the same result as would have followed a correct disposition of the motion to dismiss at the trial term, notwithstanding the fact that the cause was permitted to proceed to a verdict. Upon an appeal from a judgment or order, the appellate division of the supreme court "may reverse or affirm, wholly or partly, or may modify, the judgment or order appealed from." Code Civ. Proc. § 1317. The power of the court to effect, by means of a modification of the judgment, the ends which ought to have been attained upon the trial, has repeatedly been asserted in the strongest terms. That the trial court could have modified the judgment upon the verdict in this case, so as to give it only the effect of a judgment upon a dismissal of the complaint at the end of the plaintiffs' case, can hardly be doubted. New York Ice Co. v. Northwestern Ins. Co.,

23 N. Y. 357–361; Bohlen ·. Railway Co., 121 N. Y. 546–550, 24 N. E. 932. This .tribunal has the power, in the furtherance of justice, to do precisely what the trial term could have done in ·this respect. To that end we may modify the judgment in such a way as not to leave it conclusive against the plaintiffs, in the event of their being able hereafter to produce sufficient evidence to sustain a recovery.

The judgment is modified by striking therefrom the declaration that the complaint is dismissed upon the merits, and inserting therein a statement that it is dismissed with the same effect in all respects as though the defendant's motion to dismiss the same had been granted at the close of the plaintiffs' evidence; and as thus modified the judgment is affirmed, without costs of this appeal. All concur.