(75 App. Div. 565.)

## HADDOCK v. HADDOCK.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. DIVORCE—ALIMONY PENDING APPEAL—POWER TO AWARD.
    Where a wife, in an action for divorce, recovered judgment of separation, with an award of permanent alimony, and defendant appealed from the judgment and executed a bond to stay the proceedings, the court had power to award plaintiff alimony and counsel fees pending the appeal.

2. SAME—POWER OF APPELLATE DIVISION.
    Where an appeal is taken from an erroneous order denying plaintiff's motion for alimony and counsel fees pending appeal from a judgment decreeing a separation and alimony, the appellate division has power to make such an award as the special term should have done.

3. SAME—ALIMONY PENDING APPEAL—CREDIT ON JUDGMENT.
    Where an appeal is taken from a decree awarding a separation and alimony, and a bond is filed to stay proceedings pending the appeal, payments of alimony pending appeal should be credited on the judgment in the event of its final establishment on the appeal.

Appeal from special term, New York county.

Action by Harriet Haddock against John W. Haddock. From an order denying plaintiff's motion for counsel fees and alimony pending appeal by defendant from a judgment decreeing plaintiff a separation and alimony, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry B. Stapler, for appellant.
Charles W. Fuller, for respondent.

HATCH, J. The moving papers disclose that the plaintiff recovered a judgment against the defendant of separation, with an award of alimony at the rate of $780 per year for her support and maintenance, together with the taxable costs and disbursements of the action. Judgment was entered therein on the 24th day of June, 1901, and the 15th day of July thereafter the defendant duly appealed from such judgment, and gave an undertaking as required by law to procure a stay of proceedings. It further appears that no application was made for an award of alimony and counsel fees pendente lite, and the defendant has never complied with the judgment, either by the payment of the alimony awarded or of costs. The moving papers disclose a case where it would have been proper

¶ 1. See Divorce, vol. 17, Cent. Dig §§ 625, 644, 657.

to award to the plaintiff both alimony and counsel fees, and the award of judgment in her favor directing the payment of alimony; and from the fact that up to this point in the litigation no alimony or counsel fees have been awarded, a case seems to have been presented which commended itself to the favorable consideration of the court. The power to award the payment of alimony and counsel fees pending an appeal from a judgment in such an action finds support in reason, and is abundantly established by authority. McBride v. McBride, 55 Hun, 401, 8 N. Y. Supp. 448, where the power of the court is reasoned out elaborately and satisfactorily. The appeal in that case was dismissed by the court of appeals (23 N. E. 1065) upon the ground that the order was not final, and therefore no appeal would lie to the court of appeals; but as the question of power in the court to award alimony and counsel fees after judgment and upon appeal had been elaborately discussed, the court assumed to determine such question, and in all substantial respects affirmed the reasoning of the general term. This court upon this appeal has the power to do what the special term should have done in disposition of the application. Bennett v. Lake, 47 N. Y. 93; Griffin v. Helmbold, 72 N. Y. 437; Arnold v. R. Rothschild's Sons Co., 23 App. Div. 221, 48 N. Y. Supp. 854. We conclude that the motion should have been granted, and that the defendant should be directed to pay the sum of $15 per week as alimony, to date from the entry of the judgment in the action,—such sum, however, to be credited upon the amount of the award of alimony directed to be paid by the judgment in the event that it should be finally established upon the appeal,—and the further sum of $200 counsel fees.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, as expressed in this opinion. All concur.