(109 App. Div. 502)

### HADDOCK v. HADDOCK.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

DIVORCE—ALIMONY PENDENTE LITE—APPEAL TO FEDERAL SUPREME COURT.

Where, after a judgment of separation at the suit of the wife has been affirmed by the Appellate Division and the Court of Appeals, a writ of error is granted by the United States Supreme Court to review the judgment of the Appellate Division and a supersedeas bond is given, the case is still pending, so that under Code Civ. Proc. § 1769, authorizing alimony pendente lite, alimony and counsel fees may properly be awarded pending the proceedings in the federal Supreme Court.

Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by Harriet Haddock against John W. Haddock. From an order granting alimony and counsel fees pending proceedings in error in Supreme Court of the United States, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and HOUGHTON, JJ.

Charles W. Fuller, for appellant.
Henry W. Smith, for respondent.

INGRAHAM, J.　In this action the plaintiff obtained a judgment for a separation, awarding her alimony at the rate of $780 a year. From this judgment an appeal was taken to this court, where the judgment was affirmed (76 App. Div. 620, 79 N. Y. Supp. 1133), and on appeal to the Court of Appeals the judgment was also affirmed (178 N. Y. 557, 70 N. E. 1099).　Subsequent to such affirmance the defendant obtained a writ of error from the Supreme Court of the United States to review the judgment of this court, and subsequently, upon giving a bond, the judgment of this court was stayed pending that appeal.　In consequence of the stays obtained upon these appeals, the defendant has not complied with the judgment for the payment of alimony and has failed to provide in any way for the plaintiff.　Pending an appeal to this court an application was made for alimony and counsel fee, which motion was denied by the Special Term; but this court reversed that order and alimony at the rate of $15 a week and a counsel fee were awarded to the plaintiff.　75 App. Div. 565, 78 N. Y. Supp. 304.　After the appeal to the Court of Appeals, a further order was made at Special Term awarding the plaintiff alimony pending that appeal.　The Special Term, upon the application of the plaintiff, has made an order requiring the defendant to continue the alimony pending the decision of the Supreme Court of the United States.

The petition shows that the only defense to this action was an alleged decree of divorce obtained by the defendant against the plaintiff in the state of Connecticut without personal service of process upon the plaintiff.　It is further shown that after such decree of divorce was obtained the defendant married again and is residing with the person whom he then married in the state of New Jersey;　that his means are sufficient to justify the order appealed from; that the plaintiff is old and infirm, being upwards of 65 years of age; and that she has no property of any description and no source of income, and is wholly destitute of means of support, or to defend the judgment of this court in the Supreme Court of the United States; and this order should obviously be affirmed, if the court had power to make it.　The order was made under section 1769 of the Code of Civil Procedure.　That section authorizes the court to make—

"An order or orders, requiring the husband to pay any sum or sums of money, necessary to enable the wife to carry on or defend the action, or to provide suitably for the education and maintenance of the children of the marriage, or for the support of the wife, having regard to the circumstances of the respective parties."

Upon a former appeal (75 App. Div. 565, 78 N. Y. Supp. 304) we held that the court had power to make an order awarding alimony and counsel fees pending an appeal to this court from the judgment.　If after the entry of final judgment in the action and pending an appeal to this court the action is pending, within section 1769 of the Code, I can see no reason why the action is not pending until the proceeding to review the judgment of the courts of this state by the Supreme Court of the United States is determined.　So long as there are proceedings pending to review the final judgment in the Supreme Court, whether those proceedings are before this court, the Court of Appeals, or the Supreme Court of the United States, would seem to be entirely imma--

terial. The action is just as much pending now as it was when the appeal was before this court from the final judgment. The affirmance by the Court of Appeals of the judgment of this court simply determined a proceeding brought to review it. There is a proceeding to review it, and that action is therefore pending. The supersedeas simply stayed the enforcement of the judgment sought to be reviewed, and did not affect the power of the court under section 1769 of the Code of Civil Procedure.

The appellant cites three cases in the Court of Appeals which he claims hold that after final judgment the courts of this state have no jurisdiction, except to enforce the final judgment and may not award alimony or counsel fee in any collateral or incidental proceeding whatsoever. The first case cited is Kamp v. Kamp, 59 N. Y. 212. In that case the question did not apply to temporary alimony during the pendency of the action or of an appeal from the final judgment. It appeared in that case that in August, 1852, a final judgment was perfected in favor of the plaintiff, granting a divorce, but making no provision for alimony; that in 1871 the plaintiff made a motion for alimony upon an affidavit showing, in substance, that since the decree she had become unable to support herself and the defendant had become wealthy. It was held that the jurisdiction of the court over the subject-matter of the action and over the parties, in respect to all matters involved in it, terminated with the entry of final judgment therein, except to enforce the judgment and carry out its provisions, or to correct any mistake in the record, upon proper application made within a reasonable time; that the parties from that time were no longer husband and wife, and had no claims upon each other growing out of the relations before then existing between them, except such as were given by the judgment. This case was followed in Erkenbrach v. Erkenbrach, 96 N. Y. 456, and considered in McBride v. McBride, 55 Hun, 401, 8 N. Y. Supp. 448, affirmed 119 N. Y. 519, 23 N. E. 1065; and it was held that Kamp v. Kamp and Erkenbrach v. Erkenbrach, which followed Kamp v. Kamp, did not apply, for in those cases the applications were made many years after judgment, in the absence of any appeal, when, by lapse of time, no appeal was possible; that as the actions were no longer pending, jurisdiction over the parties had ceased, and all questions as to the alimony were decided by the judgment entered, but that in this case, although a judgment, final for the purposes of an appeal, was entered, the case was still pending, and the jurisdiction over the parties remained. The third case is Beadleston v. Beadleston, 103 N. Y. 402, 8 N. E. 735. That presented the single question whether the court was authorized, after the report of a referee in favor of the plaintiff, to award to the plaintiff a sum of money for the purposes of defraying her expenses in the proceeding before the application was made; the court saying:

"There is ample power in the court to make allowances from time to time to enable a wife to carry on her defense, and when she needs money for that purpose she must apply for it. But if she has succeeded in making her defense from her own means, or upon her own credit, she cannot, before judgment, while the action is pending, have an order compelling her husband to pay such expenses; and there is no statutory authority in the court to make such an order, and thus to compel him to pay her debts. We confine our decision to the precise facts of this case as they appeared in the record. We

have no doubt that an allowance to a wife during the pendency of the action, for some past expense, might be authorized, if it were shown that its payment was necessary to enable her to further carry on the action on her defense thereto."

None of these cases has any relation to the question now before us, and we think this allowance, both for alimony and counsel fee, is justified by the case of McBride v. McBride and the former decision of this court in this case.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur, except PATTERSON, J., who dissents.