ELLA HOWEY, RESPONDENT, v. WILLIAM J. HOWEY, APPELLANT.

Kansas City Court of Appeals. June 29, 1925.

**1.—Divorce—Alimony—Jurisdiction—Circuit Court Held to Have Jurisdiction to Award Alimony Pendente Lite Pending Appeal from Decree of Divorce to Supreme Court of United States.** Where Supreme Court affirmed judgment dismissing plaintiff's petition for divorce, and thereafter granted plaintiff a writ of error to Supreme Court of United States, **held** Circuit Court had jurisdiction to grant alimony pendente lite, though defendant contended the marriage had been severed by decree of divorce in another State, the finality of which not having been established by reason of pendency of case on writ of error to Supreme Court of United States.

**2.—Same—Actions: Suit Held to be Pending Where Writ of Error to Supreme Court of United States was Granted.** In a suit for divorce where Supreme Court, after affirming judgment dismissing petition for divorce, granted writ of error to Supreme Court of United States, such suit is **held** to be pending so as to justify the granting of alimony **pendente lite,** though plaintiff was denied writ of **certiorari** and writ of error has not been docketed in Supreme Court of United States, the question whether jurisdiction

may be entertained by United States Supreme Court being for that court to determine when it properly arises.

**3.—Same—Alimony—Upon Appeal Alimony May be Allowed Before Appeal is Perfected in Higher Court.** Where Supreme Court granted writ of error to Supreme Court of United States, the allowance of alimony before appeal was perfected in higher court **held** proper.

**4.—Same—Same—Granting of Writ of Error to Supreme Court of United States Held Sufficient Ground for Allowance of Suit Money to Wife.** An allowance of suit money pending appeal to Supreme Court of United States is within sound discretion of trial court, and objection thereto, on ground that there was no showing of merit in appeal, will not be sustained, as purpose of allowing suit money is to furnish wife with financial means to perfect her appeal, and where writ of error was granted, it is **held** that sufficient ground for allowance of suit money has been established thereby.

**5.—Same—Same—Allowance of Suit Money May be Paid Wife Pending Appeal to Supreme Court of United States.** Where suit money was allowed wife pending appeal to Supreme Court of United States, there is no merit in objections that United States Court will sustain State Court. if it can do so independent of any Federal question, and that there is no Federal question involved in such appeal, since it was for the purpose of having such objections passed upon by Supreme Court that the allowance was made.

**6.—Same—Same—Where no Showing of Financial Worth or Ability to Pay Allowance of Suit Money, Held Improper.** Where there was no showing of defendant's financial worth or ability to pay an allowance of suit money, is **held** to be improper.

**7.—Bill of Exceptions—Abstract of Record in Original Divorce Suit, Not Being Part of Bill of Exceptions Taken on Present Appeal, Will be Suppressed.** Upon appeal from application for suit money **pendente lite**, an abstract of record taken from bill of exceptions in original trial of suit on merits, not being a part of bill of exceptions in hearing on application for suit money, **held** defendant's motion to suppress such abstract will be sustained.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 328, n. 22. Divorce, 19CJ, p. 209, n. 95, 96; p. 216, n. 73; p. 329, n. 68 New. Federal Courts, 25CJ, p. 954, n. 74; p. 957, n. 98.

Appeal from Circuit Court of Jackson County.—Hon. Samuel A. Dew, Judge.

Reversed and remanded.

*Guthrie & Conrad* for appellant.

*C. W. Prince, L. A. Laughlin, E. A. Harris,* and *James N. Beery* for respondent.

BLAND, J.—This is an appeal from the judgment of the circuit court of Jackson county, rendered upon a motion filed by plaintiff for an "order allowing plaintiff the sum of thirty-five hundred ($3500) dollars for suit money and attorney's fees for the purpose of having the decision of the Supreme Court of Mississippi reviewed by the Supreme Court of the United States." The court allowed the sum of five hundred dollars for this purpose and defendant has appealed.

The facts show that plaintiff filed in the circuit court of Jackson county, Missouri, a suit for divorce and alimony. The court rendered a decree dismissing plaintiff's petition and she appealed from that judgment to the Supreme Court; that court affirmed the judgment of the lower court. [Howey v. Howey, 240 S. W. 450.] However, the Chief Justice of the Supreme Court of Missouri granted plaintiff a writ of error to the Supreme Court of the United States and thereafter this present motion was filed in the circuit court where the original suit was heard. The present appeal to our court is numbered 15411. Thereafter another motion was filed in the lower court for an additional allowance for the same purpose and that court allowed a further sum of $3000, and defendant has appealed, this appeal is numbered 15412.

Defendant in the present appeal insists that the circuit court was without jurisdiction or power to allow suit money and attorney's fees following the final judgment by the Supreme Court of Missouri for the reason that plaintiff was not the wife of defendant when her motion was filed. The answer to the petition for divorce and alimony admitted the marriage but sets up a decree of divorce rendered by a court of the State of Florida in favor of defendant and against plaintiff. The reply attacked the decree of the Florida court on the ground that it was without jurisdiction and that the decree was procured by fraud. Defendant having set up in his answer that the marriage had been severed, the burden was upon him to prove it and that matter never having been finally established for the reason that the case is now pending on writ of error to the Supreme Court of the United States, alimony *pendente lite* is properly awarded to the plaintiff until the claim that the Florida decree of divorce is a valid one has been upheld. [Carroll v. Carroll, 68 Mo. App. 190, 193.] It is not necessary for us to discuss the apparent conflict of authority in other states upon this question for the reason there is good authority (Carroll v. Carroll, supra) in our State against defendant's contention.

It is insisted that on the affirmance of the judgment of the Supreme Court of Missouri the action on the merits was finally determined in the Missouri courts and that a suit is not pending and unless there is a suit pending there can be no allowance of alimony *pendente lite*. We think there is no question but that the litigation is still pending. "The wife is entitled to alimony and suit money as long as the litigation continues." [State ex rely v. Seddon, 93 Mo. 520, 522; Hall v. Hall, 179 S. W. 739; Robbins v. Robbins, 138 Mo. App. 211, 215.] It is held that where a writ of error is granted, and *supersedeas* bond is given, by the Supreme Court of the United States to review the judgment of a State court (a judgment of separation at the suit of the wife), the case is still pending. [Haddock v. Had-

dock, 96 N. Y. Supp. 522.] We think there is no question but that
the proceedings are still pending in the case at bar. [Haddock v.
Haddock, supra; Ohio River Contract Co. v. Gordon, 189 S. W.
(Ky.) 451; *In re* Chetwood, 165 U. S. 443, 456.]

It seems that plaintiff applied to the Supreme Court of the United
States for a writ of *certiorari* and that it was denied and it is urged
that the only question that plaintiff claims she desires to raise be-
fore the Supreme Court of the United States is one that can be re-
viewed only under a writ of *certiorari* and that the Supreme Court of
the United States will dismiss the writ of error when it is filed in
that court; that the writ was improvidently gained by the Chief Justice
of the Missouri Supreme Court; "that it is well settled that a motion
for allowance for suit money upon appeal or other proceedings to re-
view is premature and the court is without jurisdiction unless and
until the appeal or other proceeding for review is perfected in the
higher Court," and since the writ of error has never been docketed
in the Supreme Court of the United States, it is concluded by defend-
ant that the cause is not now pending so as to justify the granting of
suit money and attorneys' fees. The granting of the writ of error re-
moved the cause from the Supreme Court of Missouri to the Supreme
Court of the United States. [Ohio River, etc., v. Gordon, supra; 25
C. J., p. 954.] Of course if the writ does not operate as a *supersedeas*
the State court continues to have jurisdiction to enforce the judg-
ment. Whether jurisdiction may be entertained by the Supreme
Court of the United States is for that court to determine when the
question properly arises. [In re Chetwood, supra.]

Defendant is mistaken in his contention that suit money cannot be
allowed until the appeal is perfected in the higher court.

"If the plaintiff had made an application for an appeal, the court
would, pending that application have had jurisdiction to order the
payment of alimony for the expenses of the appeal. *This order it*
*had jurisdiction to make at any time between the filing of the appli-*
*cation for the appeal and the perfecting of the latter.* [State ex rel.
v. Seddon, supra.] While it was doubtless irregular for plaintiff to
file, as she did, her motion for alimony before the appeal was applied
for, still no harm could have resulted from that, had the court de-
ferred action on such motion until after the plaintiff had applied
for an appeal." (Italics ours.) [Watkins v. Watkins, 66 Mo. App.
468, 471.]

It is insisted that the statute authorizes an allowance of alimony
only "where the same would be just" and that there must be merit
shown in the appeal before temporary alimony will be allowed; that
"the only claim, as appears by the record, is that the Missouri court
erred in upholding the Florida decree under the case of Haddock v.
Haddock, 201 U. S. 562. It is clear from the opinion in the Haddock

case that the decision of the Supreme Court of Missouri involved no Federal question.'' Ordinarily the purpose of allowing suit money in cases of this kind is to furnish the wife with financial means to perfect her appeal and to submit the main case on the merits to the appellate court. It is, therefore, not ordinarily intended that the appellate court should pass upon the merits of the divorce case in an appeal of this nature. As before stated, whether there is a Federal question involved is one for the Supreme Court of the United States, the cause being properly transferred there by writ of error granted by the Chief Justice of the Missouri Supreme Court.

''A writ of error may be allowed either by a justice of the Supreme Court of the United States or by the chief justice or judge or chancellor of the State court whose judgment is sought to review. An application for a writ of error is not allowable as a matter of right.''

The allowance for suit money is within the sound discretion of the trial court. [Robertson v. Robertson, 137 Mo. App. 93; Fullhart v. Fullhart, 109 Mo. App. 705; Collett v. Collett, 170 Mo. App. 590; Adams v. Adams, 49 Mo. App. 592; Rosenfeld v. Rosenfeld, 63 Mo. App. 411.] The writ of error having been allowed we would not be justified in disagreeing with the trial court in making the allowance as the sufficiency of the ground for the allowance has been established by the granting of the writ.

It is also insisted that the allowance was unjust for the reason that the rule is ''that where the judgment and decision of the highest court of the State is sustainable on ground independent of any Federal question, the judgment is final and will not be disturbed by the Supreme Court of the United States regardless of the merits of any Federal question'' that may have been passed upon by the State court. It is argued in this connection that there is no Federal question involved in the appeal to the Supreme Court of the United States. The writ of error has been issued and the trial court in its discretion has made the allowance. It is for the purpose of having such matters as these passed upon by the Supreme Court of the United States that the allowance was made. And, under the circumstances, we cannot anticipate the decision of that court on the question.

We think, however, that the insistance that the allowance was improper because there was no showing of defendant's financial worth or ability to pay, is well taken. The allowance was on a motion for suit money and attorney's fees and the financial worth and ability of defendant under such circumstances should have been shown. [Clarkson v. Clarkson, 20 Mo. App. 94; Methudy v. Methudy, 238 S. W. 568.] Plaintiff has printed as an additional abstract of the record evidence which she contends purports to show the ability of defendant to pay. This additional abstract of the record on its face shows that it was taken from the bill of exceptions in the original

trial of the suit on its merits, and, of course, is not a part of the bill of exceptions in the trial of this case and cannot be considered, and defendant's motion to supress it is sustained.

The lower court allowed the sum of $250 suit money to prosecute this appeal and plaintiff has moved to dismiss the appeal for the reason that defendant has failed to pay this amount, but the motion has been abandoned since defendant has appealed from the order allowing said sum of $250 for said purpose.

The judgment is reversed ·and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.

